# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ABG PRIME GROUP, INC., a Michigan Corporation,

       Plaintiff,

v.

INNOVATIVE SALON PRODUCTS, INC., d/b/a Loma, a State of Washington for-profit Corporation, DAVID HANEN, an individual; ALL ALLIANCE PRODUCTS, a d/b/a of Dean Prodromitis or Total Image International; DEMONSTHENES PRODROMITIS, a.k.a. Dean Prodromitis; TOTAL IMAGE INTERNATIONAL, LLC, a Florida Limited Liability Company,

       Defendants,

and

INNOVATIVE SALON PRODUCTS, INC., d/b/a LOMA, a State of Washington for-profit Corporation,

       Counter-plaintiff,

v.

ABG PRIME GROUP, INC., a Michigan Corporation,

       Counter-defendant.

Case No. 2:17-cv-12280-LJM-RSW

The Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## DEFENDANT DAVID HANEN'S
## PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

Individual Defendant David Hanen ("Hanen") respectfully moves under Fed.R.Civ. P. 12(b)(6) and MCL 445.904(1) for dismissal with prejudice of four of the nine Counts of Plaintiff's First Amended Complaint, DN 13 ("FAC"). In making this motion, Mr. Hanen adopts the factual and legal arguments presented in Defendant Innovative Salon Products, Inc.'s ("ISP") Partial Motion to Dismiss First Amended Complaint and supporting brief (DN 24), filed October 27, 2017.

Rather than prepare and file a separate brief that would be largely duplicative of the ISP motion and thus consume substantial resources of the Court and the parties in reviewing and responding to the motion, Hanen moves to dismiss on the same basis and for the same reasons expressed in DN 24. Counsel for Mr. Hanen has discussed this incorporation by reference approach with counsel for Plaintiff ABG Prime Group, Inc. ("ABG"), who has no objection to this manner of addressing the motion, but ABG does not concur in the relief sought by the motion. Mr. Hanen thus moves to dismiss:

(1) <u>Count III alleging Conspiracy to Violate Section 1 of the Sherman Act</u> on the grounds that: the relevant allegations of the FAC are based upon speculation unsupported by facts; that some of the allegations are contradicted by the exhibits to the FAC; that ABG fails to allege the relevant product and geographic markets as required by the antitrust case law; that ABG fails to plead an effect on interstate

commerce sufficient to support an antitrust claim; and that ABG has not alleged antitrust injury required to satisfy the threshold issue of standing to invoke the antitrust laws; and

(2)     <u>Count IV alleging Violation of the Michigan Antitrust Reform Act</u> based on the same grounds upon which Count III must be dismissed, as briefly summarized above; and

(3)     <u>Count VI alleging Michigan Common Law Fraud</u> on the grounds that: ABG has failed to allege with the specificity required by Fed.R.Civ.P. 9(b) the several elements of a common law fraud claim, and more specifically fails to meet the requirements of a material misrepresentation by Mr. Hanen, intent by Mr. Hanen that ABG should act on the alleged misrepresentations, that the alleged misrepresentations were false and that Mr. Hanen knew or should have known that they were false (all for the same reasons that ABG failed to plead material misrepresentations, intent, falsity and knowledge of falsity by ISP), and for the additional reason that ABG failed to plead any specific misrepresentation made by Mr. Hanen personally as opposed to statements made by one or more other defendants, and that ABG failed to plead that ABG suffered any injury as a result of the alleged fraud; and

(4) <u>Count IX (mis-numbered as Count VIII) alleging "Bad Faith"</u> on the grounds that the bad faith exception to the American Rule that each party should pay its own attorney fees is at best a remedial device and not a cognizable cause of action.

In addition, because ABG has already amended its original Verified Complaint, and because there is no set of facts that ABG could plead to correct these deficiencies, further amendment would be futile. Therefore, Mr. Hanen respectfully requests that the Court dismiss each of these Counts with prejudice.

Pursuant to Local Rule 7.1, on December 11, 2017, counsel for Defendant Hanen communicated with counsel for Plaintiff ABG identifying the nature of this motion and its legal bases and requesting concurrence. ABG did not object to Mr. Hanen adopting the legal brief and argument of ISP (DN24), however, Plaintiff did not concur in the relief sought by this motion.

Respectfully submitted on this 12th day of December, 2017

                                               */s/ Leigh C. Taggart*
                                               Leigh C. Taggart (P63765)
                                               Honigman Miller Schwartz and Cohn LLP
                                               39400 Woodward Ave., Suite 101
                                               Bloomfield Hills, MI 48304
                                               248-566-8496
                                               ltaggart@honigman.com

                                               *Attorneys for Defendant Innovative Salon Products, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABG PRIME GROUP, INC., a Michigan Corporation,

       Plaintiff,

v.

INNOVATIVE SALON PRODUCTS, INC., d/b/a Loma, a State of Washington for-profit Corporation, DAVID HANEN, an individual; ALL ALLIANCE PRODUCTS, a d/b/a of Dean Prodromitis or Total Image International; DEMONSTHENES PRODROMITIS, a.k.a. Dean Prodromitis; TOTAL IMAGE INTERNATIONAL, LLC, a Florida Limited Liability Company,

       Defendants,

and

INNOVATIVE SALON PRODUCTS, INC., d/b/a LOMA, a State of Washington for-profit Corporation,

       Counter-plaintiff,

v.

ABG PRIME GROUP, INC., a Michigan Corporation,

       Counter-defendant.

Case No. 2:17-cv-12280-LJM-RSW

The Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## DEFENDANT DAVID HANEN'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

For his legal brief in support of this motion, Mr. Hanen adopts the issues, legal authorities and arguments presented by Defendant ISP in its brief filed with ISP's Motion, DN24.

In addition, as to the allegations of fraud in Count VI of the FAC, Mr. Hanen further requests dismissal on the grounds that ABG failed to plead any specific misrepresentation made by Mr. Hanen personally (including the time, place and contents of such alleged misrepresentation) as opposed to statements made by one or more other defendants. The only allegation in the fraud pleading that can be read to allege a statement by Mr. Hanen is FAC ¶154, which alleges only generally that Mr. Hanen acted in concert with other defendants to engage in acts which constituted a material misrepresentation. *Ass'n of Cleveland Fire Fighters v. Cleveland*, 542 f.3d 545, 548 (6th Cir. 2007) (plaintiff's pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

| | |
|---|---|
| December 12, 2017 | */s/ Leigh C. Taggart*<br>Leigh C. Taggart (P63765)<br>Honigman Miller Schwartz and Cohn LLP<br>39400 Woodward Ave., Suite 101<br>Bloomfield Hills, MI 48304<br>248-566-8496<br>ltaggart@honigman.com<br><br>*Attorneys for Defendant Innovative Salon Products, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on December 12, 2017, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

By: /s/ Leigh C. Taggart